09-3219-cv
Hogan v. Higgins

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of  October, two thousand ten.

Present:
        JOSEPH M. McLAUGHLIN,
        PETER W. HALL,
                *Circuit Judges*,
        RICHARD M. BERMAN,[*]
                *Judge*.

_____

TYNIERA HOGAN, SHANAIR HOGAN,

      *Plaintiffs-Appellant*s,

        v.                  No. 09-3219-cv

CITY OF NEW YORK,

      *Defendant-Cross-Defendant-Appellee*,

HIGGINS, NIKSA,

      *Defendants-Cross-Claimants-Appellees*.

_____

[*]Judge Richard M. Berman of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:      JOHN COBB, Cobb & Cobb, Newburgh, New York.

FOR APPELLEES:      MITCHELL S. GARBER, Worth, Longworth & London, LLP, *for Defendants-Cross-Claimants-Appellees*.

_____

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Tyniera and Shanair Hogan appeal from an order of the United States District Court for the Eastern District of New York, entered on June 26, 2009, denying their motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). We assume the parties' familiarity with the relevant procedural history, facts, and issues on appeal.

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *De Falco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001). "The denial of a motion for a new trial will not be overturned unless the denial constituted a clear abuse of discretion." *Purnell v. Lord*, 952 F.2d 679, 686 (2d Cir. 1992).

Plaintiffs contend that Judge Dearie's medical emergency permitted the defendants to display professional skill and humane concern directly in front of the jury. They argue that as a result of witnessing such conduct, the jury became sympathetic to the defendants and thus arrived at a tainted verdict. More specifically, they purport to frame their argument on appeal as an evidentiary issue asserting that the defendants' actions in the courtroom amounted to an improper and undocumented introduction of character evidence in violation of Rule 404(a) and Rule 403 of the Federal Rules of Evidence. Plaintiffs argue such error must be considered harmful because it is not clear whether the jury was improperly influenced by this evidence.

At the outset, we note that the plaintiffs at no time objected to the substitution of judges or requested that the jury be individually or collectively polled regarding any potential impact resulting from the circumstances surrounding Judge Dearie's episode on the bench. In fact, after Judge Dearie left the bench and Judge Johnson was substituted to finish charging the jury, Judge Johnson asked the parties, outside of the presence of the jury, if they were ready to proceed. Both parties stated that they were. Moreover, neither party took any exceptions to the charge after Judge Johnson completed it. To the extent that plaintiffs have framed their claim as evidentiary in nature asserting that the district court improperly allowed character evidence to be admitted, we conclude they have waived this argument because when given an opportunity to do so they neither voiced an objection to the district court nor requested a limiting instruction. *See Krieger v. Gold Bond Bldg. Prods.*, 863 F.2d 1091, 1096 (2d Cir. 1988) (stating if no objection on grounds of admissibility, then argument that evidence inadmissible waived); *see also United States v. Papadakis*, 510 F.2d 287, 295 (2d Cir. 1975) (holding that failure to object to evidence or request limiting instruction precludes review of issue on appeal).

As to whether the defendants' conduct and the court's lack of a response to it may have caused the jury to reach a seriously erroneous result or render a verdict that constitutes a miscarriage of justice, we conclude that the record does not support plaintiffs' argument in this regard. The district court committed no error, plain or otherwise.[1] While charging the jury, Judge Dearie felt ill, stated he should take a moment, and then requested that the deputy remove the jury from the courtroom. Although the plaintiffs assert that the jury clearly saw everything that transpired,

---

[1]An error is plain if it results in a miscarriage of justice, or if it is an obvious instance of misapplied law. *Girden v. Sandals Int'l*, 262 F.3d 195, 206 (2d Cir. 2001). To reverse for plain error, we must conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* Although plaintiffs raise plain error review in a single sentence in their reply brief, we note that even if plaintiffs had more fully briefed the issue initially, it would not have affected our disposition of this appeal.

3

including the actions of the defendants, the record belies this assertion. A newspaper article in the record and relied on by the plaintiffs in their brief states that the defendants assisted Judge Dearie from the bench to a hallway behind the courtroom where they then loosened his tie, propped up his feet, and checked his pulse. Nothing in the record suggests that the jury was not removed in accordance with Judge Dearie's instructions nor that it was in the hallway to be able to view the defendants' actions.

In addition, the record strongly suggests that the jury diligently carried out its duties and remained impartial throughout its deliberations. After Judge Johnson finished charging the jury and it began to deliberate, the jury sent notes questioning typographical errors in the Special Verdict Form, which the parties subsequently corrected by stipulation. Not only did the jury read the verdict form closely enough to catch typographical errors, but it also rejected a counter-claim for battery by one of the defendants against one of the plaintiffs. This attention to detail and ultimate finding in favor of one of the plaintiffs and adverse to the interests of one of the defendants is a notable indication of the jury's impartiality and lack of sympathy toward either side in the controversy.

Accordingly, the record does not support that the defendants' actions created a sympathetic jury which in turn rendered a tainted verdict. Plaintiffs' arguments to the contrary are based largely on speculation and do not meet their heavy burden of showing that the jury reached a seriously erroneous result or a verdict that is a miscarriage of justice. The district court's denial of the motion for a new trial was not an abuse of its broad discretion.

For the reasons stated, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4